# UNITED STATES DISTRICT COURT

for the

Southern District of Illinois

| | | |
|---|---|---|
| Kathleen Susan Stipe | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Case Number: 18-CV-01010-JPG-DGW |
| Southern Illinois University at Edwardsville (SIUE | ) | (To be supplied by Clerk's Office) |
| *Defendant(s)* | ) | |

# EMPLOYMENT
# DISCRIMINATION COMPLAINT

Plaintiff brings a complaint against Southern Illinois University at Edwardsville (SIUE) et. al.
[defendant(s)] for discrimination as set forth below.

Plaintiff ⊙DOES ○DOES NOT demand a jury trial.

## I. PARTIES

Name and Address of Plaintiff:

Kathleen S. Stipe
18216 U. S. Highway 67
Jerseyville IL  62052

Name and Address of Defendant(s):

Southern Illinois University at Edwardsville
6 Hairpin Drive
Edwardsville IL  62026

Sherrie A. Senkfor
Director of Human Resources
Southern Illinois University at Edwardsville
Rendleman Hall, Room 3210
Campus Box 1040
Edwardsville IL  62026

See Additional Pages for additional defendant(s).

(Rev. 4/2010)                                    -1-

The plaintiff was:

    ○    denied employment by the defendant(s).

    ◉    hired and is still employed by the defendant(s).

    ○    employed but is no longer employed by the defendant(s).

The alleged discrimination began on or about: <u>November 30, 2017</u>      (give month, day, and year).

## II. JURISDICTION

1.     Jurisdiction over this claim is based on 28 U.S.C. § 1331. Plaintiff alleges that the defendant(s) discriminated against Plaintiff because of Plaintiff's:

    ☐    **Sex** (Title VII of the Civil Rights Act of 1967, as amended, 42 U.S.C. § 2000e-5)

    ☐    **Race** (Title VII of the Civil Rights Act of 1967, as amended, 42 U.S.C. § 2000e-5, and/or 42 U.S.C. § 1981)

    ☐    **Age** (The Age Discrimination in Employment Act, 29 U.S.C. § 621)

    ☑    **Disability** (The Americans with Disabilities Act, 42 U.S.C. § 12101 and/or The Rehabilitation Act, 29 U.S.C. § 701)

    ☐    **National Origin** (Title VII of the Civil Rights Act of 1967, as amended, 42 U.S.C. § 2000e-5)

    ☐    **Religion** (Title VII of the Civil Rights Act of 1967, as amended, 42 U.S.C. § 2000e-5)

    ☐    **Other** (list): _____

2.     Plaintiff ◉ Has ○ Has Not filed a charge before the United States Equal Employment Opportunity Commission (EEOC) relating to this claim of employment discrimination. **[Attach a copy of charge to this complaint].**

     Plaintiff ○ Has ◉ Has Not filed a charge before the Illinois Department of Human Rights relating to this claim of employment discrimination. **[Attach a copy of charge to this complaint].**

3.     Plaintiff's Right to Sue Notice from the EEOC was received on or about <u>January 22, 2018</u> (date). **[Attach a copy of Notice of Right to Sue to this complaint].**

(Rev. 4/2010)                  -2-

## III. STATEMENT OF LEGAL CLAIM

Plaintiff is entitled to relief in this action because:

Defendants knowingly, willfully, and intentionally retaliated and discriminated against the Plaintiff, who has known disabilities, when they disciplined the Plaintiff for refusing to accept a workstation that was not reasonably accommodated, and defendants also failed to continue to accommodate the Plaintiff.

Defendants knowingly, willfully, and intentionally inflicted extreme emotional duress upon the Plaintiff. See Additional Pages for Additional Statements of Legal Claim.

## IV. FACTS IN SUPPORT OF CLAIM

State here briefly and clearly as possible the essential facts of your claim.   Take time to organize your statement.   You may use numbered paragraphs if you find it helpful.   Describe precisely how each defendant in this action is involved.   Give dates and places.   Concentrate on describing as clearly and simply as possible the employment practice you allege to be illegal and how it discriminated against you. It is not necessary to make legal arguments or cite any cases or statutes.  In most circumstances, this only makes your claim difficult to understand.   As much as possible, let the facts speak for themselves.

The Plaintiff has disabilities of Spinal Stenosis, CHH dwarfism, Scoliosis, and Degenerative Arthritis.

The employer (SIUE) was aware of these disabilities when they hired the Plaintiff on December 1, 2014.

The Plainitiff was provided reasonable accommodation from approximately April, 2015 through November 29, 2017, when her department custom-built a cubicle and made accommodations to fit the Plaintiff's requirements.  An ergonomic study was performed and additional recommendations and modifications were made, including a special keyboard tray, a smaller mouse to fit the Plaintiff's smaller hand, and lowering the Plaintiff's desk to a suitable height.

On November 29, 2017, Michael J. Schultz ordered the Plaintiff to move to a workstation that was not reasonably accommodated.  There was no indication that the Plaintiff was not performing her work satisfactorily prior to this order.

On November 29, 2017, Kimberly A. Watson and Michael J. Schultz removed the computer from the Plaintiff's former workstation and replaced it with a computer that was used by student workers.  This computer did not have all of the applications loaded on it that the Plaintiff needed to perform her work duties.  This constitutes a failure to continue to accommodate the Plaintiff.

On November 29, 2017, the Plaintiff notified Kimberly A. Watson and Michael J. Schultz that she did not accept the move because she had not requested accommodation to be moved from her workstation and that the new location did not contain the accommodations required by the Plaintiff.  The ADA allows the Plaintiff to refuse any accommodation that the Plaintiff did not request.

See Additional Page for Additional Facts in support of Claim.

(Rev. 4/2010)                                          -3-

Kathleen S. Stipe
Additional Page 1
Employment Discrimination Complaint

Name and Address of Additional Defendant(s):

William W. Misiak
Human Resources Manager
Southern Illinois University at Edwardsville
Rendleman Hall, Room 3210
Campus Box 1040
Edwardsville IL  62026

Michael J. Schultz
Director of Housing
Southern Illinois University at Edwardsville
Woodland Hall, Room 1063
Campus Box 1254
Edwardsville IL  62026

Kimberly A. Watson
Associate Director,
University Housing Facilities Management
Tract 7144/Housing
Campus Box 1257
Edwardsville IL  62026

Chad Martinez
Director, Diversity and Inclusion
Title IX Coordinator
Oakland University
Vandenburg Hall, Room 120
502 Meadow Brook Rd.
Rochester MI  48309-4452

Kathleen S. Stipe
Additional Page 2
Employment Discrimination Complaint

Additional Facts in Support of Claim:

On November 28, 2018, the Plaintiff sent the article "Can an Employer Take Away my Reasonable Accommodation?" to Chad Martinez, Kimberly A. Watson, and Michael J. Schultz. The article highlighted the case Isbell v. John Crane, Inc., where a Federal district court ruled that an employer violated the ADA when it withdrew an employee's previously approved modified work schedule which had allowed her to start later in the morning so her medication could actuate. The Court ruled that it was unreasonable for the employer to withdraw the accommodation in the absence of evidence suggesting the employee's later start time presented an "undue burden". The Court also found that the employer had not worked with the employee to adjust the accommodation or presented evidence suggesting the employee's performance suffered as a result of her modified work schedule. The employer's sudden change to the employee's schedule, done without consideration of her known disability, "constituted an unreasonable failure to continue to accommodate that disability under the ADA.

On November 29, 2017, the Plaintiff notified Chad Martinez that her computer equipment had been removed from her workstation, and that this constituted a failure to continue accommodation. The Plaintiff also informed Chad Martinez that the computer that had been placed on her desk did not contain Banner or the Plaintiff's company e-mail account. The keyboard tray had also been removed from the Plaintiff's workstation so that she had to type with the keyboard in her lap. The Plaintiff indicated that it was a prohibited personnel practice for her employer to keep her from completing her job duties. The Plaintiff indicated that she would not give up her reasonably accommodated desk for a non-disabled student, and that management's actions were a violation of the ADA. The Plaintiff requested that her computer equipment be put back onto her reasonably accommodated workstation.

On November 29, 2017, the Plaintiff notified Kimberly A. Watson that she could not take away an accommodation without justification and that the Plaintiff would not give up the workstation that was previously approved between UHFM and the Plaintiff. The Plaintiff requested that her workstation be restored no later than November 30, 2017, The Plaintiff notified Kimberly A. Watson that she was preventing the Plaintiff from completing her job duties because her computer equipment was removed from her previously reasonably accommodated workstation and the one that had been placed on her desk did not contain the programs that the Plaintiff needed in order to do her job.

On November 30, 2017, all computer equipment was removed from the Plaintiff's former workstation, preventing the Plaintiff from performing her job duties. When the Plaintiff attempted to use an empty workstation, she was told by Kimberly A. Watson that she could not use any other workstations. This constitutes a failure to continue accommodation and a prohibited personnel practice. It also indicated retaliation against the Plaintiff because the

Kathleen S. Stipe
Additional Page 3
Employment Discrimination Complaint

Plaintiff did not accept the proposed accommodation that the Plaintiff did not request.   The Plaintiff notified Kimberly A. Watson that she was in violation of the ADA because the Plaintiff did not request to be moved from her previously reasonably accommodated workstation.

On November 30, 2017, the Plaintiff notified Kimberly A. Watson and Michael J. Schultz that she considered the issuance of a notice to attend a Pre-Disciplinary Hearing because the Plaintiff could not obey an unlawful order as retaliation and notified Kimberly A. Watosn and Michael J. Schultz that she had made an appointment with the EEO and would be pursuing further action. The Plaintiff told both Kimberly A. Watson and Michael J. Schultz that they had established a pattern of bullying and harassment against the Plaintiff due to her disability status.  The Plaintiff indicated that she had previously informed both Kimberly A. Watson and Michael J. Schultz of her rights under the ADA but that they both chose to ignore the Plaintiff's disability rights and that Kimberly A. Watson and Michael J. Schultz had left the Plaintiff with no choice but to stand up for herself and her disability rights.

On December 1, 2017, the Plaintiff notified Kimberly A. Watson that, since she did not have access to the TMA system from the computer at her workstation, she was not able to complete the TMA Request Browse. The Plaintiff again insisted that her previous computer be restored to her desk so that she could complete all of her duties.  The Plaintiff indicated that Kimberly A. Watson was prohibiting the Plaintiff from doing her job and that Kimberly A. Watson was in violation of the law.

On December 1, 2017, at approximately 12 noon, Kimberly A. Watson handed the Plaintiff a letter from Sherrie A. Senkfor, removing the Plaintiff from all of her duties and requiring the Plaintiff to leave the premises of SIUE under the escort of a member of the SIUE Police Department.  The Plaintiff was told not to return to the University premises until she was ready to work at the new workstation.  The letter informed the Plaintiff that she was being placed in Leave Without Pay status until she returned to the new workstation. The letter also told the Plaintiff to appear at a Pre-Disciplinary Hearing at the SIUE campus on December 7, 2017. This constitutes retaliation against the Plaintiff because she did not accept the new workstation because she did not request to be moved.

On December 1, 2017, the Plaintiff submitted her EEO Inquiry regarding violations of the ADA and SIUE's failure to continue accommodation,. Inquiry #440-2018-01363. The Plaintiff also included harassment against the Plaintiff due to her refusal to accept an accommodation that she did not request and that Sherrie A. Senkfor had ordered the Plaintiff removed from the premises under police escort and had told the Plaintiff that she could not come back onto the premises until she accepted the new workstation.  This  constituted  a violation of the ADA, failure to accommodate, harassment, and disability discrimination.

Kathleen S. Stipe
Additional Page 4
Employment Discrimination Complaint

The Plaintiff did not report to work on December 4th, 5th, or 6th believing that she could not be on the campus until she was supposed to appear at the disciplinary hearing on December 7, 2017. This is in effect a constructive suspension against the Plaintiff.

On December 4, 2017, Wiliam W. Misiak issued a letter to the Plaintiff notifying her to appear at a Pre-Disciplinary Hearing on December 12, 2017 for failure to move to the new workstation that was not properly accommodated and for failure to perform the duties of a Civil Service employee. This constitutes retaliation gainst the Plaintiff and faiure to contine accommodation against the employer.

On December 4, 2017, the Plaintiff notified Tonya Hauert, EEO Investigator, that she was supposed to attend a Pre-Disciplinary Hearing on December 7, 2017. The Plaintiff indicated to Ms. Hauert that this was an issue of failure to accommodate and not a behavioral issue, as Kimberly A. Watson and Michael J. Schultz were claiming. Management was trying to say that the Plaintiff violated the Collective Bargaining Agreement because the Plaintiff would not accept the new, inadequately accommodated workstation.

At the Pre-Disciplinary Hearing on December 7, 2017, the Plaintiff was told that, if she did not return to work on December 8, 2017, she would be charged with job abandonment and would be terminated from her position. The Plaintiff told William W. Misiak, Michael J. Schultz, Kimberly A. Watson, and EdLaPorte, AFSCME Council 31 Union representative that she would return to work on December 8, 2017, but that she still did not accept the workstation, as she had not requested the move as an accommodation and also because the new workstation had not been properly accommodated for her.

On December 7, 2017, the Plaintiff notified Kimberly A. Watson that she could not appear at the Follow-Up Disciplinary hearing scheduled for December 12, 2017, because she had to appear at a Court hearing. The Plaintiff asked to have the hearing rescheduled. The hearing was rescheduled for December 19, 2017.

On December 7, 2017, the Plaintiff notified Kimberly A. Watson, Michael J. Schultz, and Chad Martinez that Ed LaPorte and she went to the UHFM office to take pictures after the Disciplinary Hearing and discovered these issues with the proposed accommodations: the Plaintiff cannot reach the counter when she stands behind the computer monitors; the keyboard tray could not be pushed in; there is a block of wood attached to the keyboard tray that is keeping it from being retracted and pushed under the shelf; the Plaintiff indicated that Kimberly A. Watson , Michael J. Schultz, and Chad Martinez had not completed the required accommodations at the new proposed workstation before they had forced the Plaintiff to move to that workstation. The Plaintiff indicated that the new workstation was totally unacceptable. The Plaintiff requested that she be allowed to remain at her previous workstation until such time as the accommodations at the new workstation were complete, including an ergonomic study by Mr. Loren Paul, as had

Kathleen S. Stipe
Additional Page 5
Employment Discrimination Complaint

been completed previously when the Plaintiff was first accommodated in April, 2015. The Plaintiff told Kimberly A. Watson , Michael J. Schultz, and Chad Martinez that she would not accept the new workstation and that they had to either put her back at her previous workstation or reassign her to a vacant position. The Plaintiff informed Kimberly A. Watson, Michael J. Schultz, and Chad Martinez that they were obligated to assist her in locating any vacant positions for which she might be qualified under ADA regulations. This constitutes failure to continue accommodation, harassment , and disability discrimination.

On December 7, 2017, the Plaintiff also indicated that she noticed that a sign had been placed on the counter directing customers to contact an employee in the inner office for assistance. The Plaintiff questioned why the sign could not be placed at the front counter all the time and the double French door be closed to prevent the draft on her back, rather than forcing the Plaintiff to move to the reception area to serve the customers. The Plaintiff indicated to Kimberly A. Watson that she could not establish a new procedure for the other employees but not apply it to the Plaintiff also. This represents a failure to continue accommodation and harassment against the Plaintiff.

On December 8, 2017, the Plaintiff notified Kimberly A. Watson that she could not just pick any keyboard tray and install it at the new workstation. The Plaintiff told Kimberly A. Watson that she was in violation of the ADA because she was taking away an accommodation that previously worked for the Plaintiff and trying to make the Plaintiff use something that she did not chose. The Plaintiff insisted that the keyboard that she had chosen be restored. The Plaintiff asked Kimberly A. Watson to restore her previous workstation so that she could continue to work. The Plaintiff again indicated that the accommodations were not acceptable and that she should not have been moved until an ergonomic study had been completed and the recommended accommodations after that study were put into place. The Plaintiff told Kimberly A. Watson that she needed an answer because she could not work at the new workstation and Kimberly A. Watson had previously indicated that the Plaintiff could not use any other workstation.

When the Plaintiff returned to work on December 8, 2017, a carpenter began making repairs to the keyboard tray at the newly assigned workstation at 7 am. The Plaintiff's shift started at 6:00 am. Between 7 am and 8 am, the Plaintiff could not work at her newly assigned workstation. When the Plaintiff asked Kimberly A. Watson if she could work at a vacant desk while the repairs were being made, Kimberly A. Watson told the Plaintiff that she had to follow the instructions in the December 1, 2017 letter that was issued by Sherrie A. Senkfor. The letter indicated that the Plaintiff could not be on the premises unless she was working at the new workstation. The Plaintiff asked Kimberly A. Watson, "Does this mean that you are telling me that I can't work at any other workstation and that I have to leave?"

Kathleen S. Stipe
Additional Page 6
Employment Discrimination Complaint

Kimberly A. Watson replied in an e-mail to the Plaintiff that she needed to follow the
instructions in the December 1, 2017 letter.  The Plaintiff then gathered her belongings and left
the premises, according to the instructions in the letter.  The Plaintiff sent an e-mail to Kimberly
Watson from the Plaintiff's personal email (dunlop63@frontier.com) documenting that she was
leaving the premises because Kimberly A. Watson told her that she could not work at any other
workstation and the newly assigned workstation was not available.  The Plaintiff advised
Kimberly A. Watson to place her back on Leave Without Pay status according to the directions
in the December 1, 2017 letter.   This constitutes failure to accommodate, harassment, and
disability discrimination against the Plaintiff.

On December 11, 2017, the Plaintiff sent notice to Kimberly A. Watson, Michael J. Schultz, and
Chad Martinez that she had met with an EEO investigator on Friday December 8, 2017 and from
the pictures that the Plaintiff had taken of her proposed workstation, the EEO investigator had
found issues that were unacceptable.  The Plaintiff outlined the issues and asked that the issues
be resolved. The Plaintiff indicated that her back was already hurting at 6:15 am and that her legs
were completely numb by 10 am.  This documents failure to accommodate and harassment.

On December 12, 2017, the Plaintiff woke up sick and called in sick to work.  The Plaintiff
called the Jersey County Courthouse in an attempt to have the hearing date changed but was
unsuccessful. The Plaintiff had to attend the hearing date anyway,

On December 12, 2017, the Plaintiff e-mailed Kimberly A. Watson again from her home e-mail
(dunlop63@frontier.com), indicating that she could not make the hearing, indicating that she had
called in sick that morning but was still required to attend the Court hearing.

On December 13, 2017, Kimberly A. Watson handed the Plaintiff a Notice that the Pre-
Disciplinary Hearing that was scheduled for December 12, 2017 has been rescheduled for
December 14, 2017 at 2:30 pm.

On December 13, 2017, the Plaintiff sent an e-mail to William W. Misiak, Kimberly A. Watson,
Michael J. Schultz, Chad Martinez, and Sherrie A. Senkfor that her shift ended at 2:30 pm and
that she would not attend the upcoming hearing if it ran past 2:30 pm unless she was paid
overtime.  She asked for the hearing to be rescheduled.

On December 13, 2017, Kimberly A. Watson asked the Plaintiff for proof that she had attended
the court hearing the preceding day.  The Plaintiff provided the proof, however, the Plaintiff
questioned the request because proof of attendance at court hearings is not requested of other
employees in the Plaintiff's department.  This constitutes disparate treatment.

Kathleen S. Stipe
Additional Page 7
Employment Discrimination Complaint

On December 13, 2017, the Plaintiff notified Kimberly A. Watson, Michael J. Schultz, and Tonya Hauert, EEO Specialist, in an e-mail that the new workstation did not have enough space to deal with the paperwork to do her job and that she had to go back and forth from the new workstation to her old workstation in order to complete the paperwork to do her job .The Plaintiff asked to be returned to her former workstation because the workstation was not properly accommodated for her. The Plaintiff sent Kimberly A. Watson, Michael J. Schultz, and Chad Martinez an e-mail documenting the deficiencies in the proposed workstation. The constant walking back and forth had caused the Plaintiff's legs to go numb by 8:30 am. This constitutes failure to accommodate, harassment, and exacerbation of the Plaintiff's disability condition.

On December 13, 2017, at approximately 12 noon, the Plaintiff received a Notice to Appear at a Pre-Disciplinary hearing because she "left work without authority on December 8, 2017." This constitutes harassment, failure to accommodate, and disability discrimination.

On December 13, 2017, the Plaintiff sent an e-mail to William W. Misiak, Kimberly A. Watson, Michael J. Schultz, and Chad Martinez, which included the e-mail from Kimberly Watson, indicating that the Plaintiff had to follow the directions in the letter from December 1, 2017, and that is why the Plaintiff left the premises, according to the instructions in that letter. This constitutes failure to accommodate, harassment, and disability discrimination.

On December 13, 2017, the Plaintiff also sent a response letter to William M. Misiak, explaining the situation regarding why she had to leave work on December 8, 2017, because her new work station was not available and, according to Kimberly A. Watson, the Plaintiff could not work at her old workstation or any other work station, and according to the letter issued by Sherrie A. Senkfor on December 1, 2017, if the Plaintiff was not working at the new work station, she could not be on the premises. This constituted failure to accommodate, harassment, and disability discrimination.

On December 13, 2017, the Plaintiff sent an e-mail to Kimberly A. Watson and Michael J. Schultz, and Chad Martinez indicating that the new workstation was not properly accommodated because of the board that was propping up the keyboard shelf, the long table was too high and was not a desk, and that she could not use both of her computer monitors because there was not enough space on the shelf. The Plaintiff requested a desk instead of the shelf that management was trying to force her to use. This constitutes failure to accommodate, harassment, and disability discrimination.

On December 14, 2017, the Plaintiff notified Kimberly A. Watson, Michael J. Schultz that she had been overcharged for Leave Without Pay hours while she was on Forced Leave Without Pay from December 1, 2017 through December 8, 2017. The Plaintiff was charged with 44.49 hours of Leave Without Pay when she should have only been charged with 36.67 hours. This constitutes failure to accommodate, harassment, ands disability discrimination.

Kathleen S. Stipe
Additional Page 8
Employment Discrimination Complaint

On December 13, 2017, Wiliam W. Misiak responded to the Plaintiff that she had two Pre-Disciplinary hearings on that day, one at 1:30 pm and one at 1:45 pm and indicating that the meetings should all be concluded by the Plaintiff's end of shift at 2:30 pm.

On December 14, the Plaintiff indicated that the filing cabinet that was placed at her new workstation was not acceptable because it did not contain the hanging folder bars and the Plaintiff could not push all of the weight of the folders to be able to do her filing. The Plaintiff requested that the files be restored to the way they were before she was forced to move to the new workstation. This constitutes failure to accommodate and aggravation of the Plaintiff's medical condition.

On December 14, 2017, Plaintiff was charged with leaving the premises without permission, based upon what happened on December 8, 2017. Plaintiff was also issued a written warning regarding not working at the new workstation that was not adequately accommodated. Present at the Disciplinary meeting and all disciplinary meetings were Mr. William W. Misiak, Mr. Michael J. Schultz, Ms. Kimberly A. Watson, Mr. Ed LaPorte, and the Plaintiff. This constitutes harassment, failure to accommodate, and disability discrimination.

On December 14, 2017, the Plaintiff was handed two letters by Kimberly A. Watson, indicating that the follow-up hearing that was previously scheduled for December 14, 2017 has been rescheduled for December 19, 2017. The second letter indicated that the Pre-Disciplinary Hearings scheduled for Tuesday, December 12 and December 14, 2017 were rescheduled for December 19, 2017.

On December 19, 2017, the Plaintiff was notified that the Account Technician II position for which she qualified #1 on the register, was given to another candidate. The Plaintiff contends that all of the disciplinary actions taken against her by William W. Misiak, Michael J. Schultz, Kimberly A. Watson, and Sherrie A. Senkfor damaged the Plaintiff's reputation with the University and was a direct cause to the Plaintiff not being selected for the position.

On December 19, 2017, the Plaintiff was charged with Leave Abuse and Falsifying Leave records because she called in sick on December 12, 2017 and then still had to attend a Court hearing. The Plaintiff did not call in sick in order to attend the Court hearing. The Plaintiff had tried to have the Court hearing rescheduled but was unsuccessful. The Plaintiff explained the she submitted a leave slip for sick leave because she called in sick. The plaintiff was not aware that it was a requirement to "split" the day into sick leave and vacation leave to accommodate the hours that were used for the Court hearing. Kimberly A. Watson did not notify the Plaintiff that she had made an error or that the leave slip should be changed. The Plaintiff was not given any opportunity to revise the leave slip before charges were inferred upon her. Kimberly A. Watson routinely allows other employees in the Plaintiff's department to change their leave slips if they

Kathleen S. Stipe
Additional Page 9
Employment Discrimination Complaint

have made an error and requested the wrong type of leave. The Plaintiff was not offered the same opportunity to revise her leave slip. The follow-up hearing for this charge was scheduled for January 5, 2018 at 9:30 am. This constitutes disparate treatment, harassment, and disability discrimination.

On December 19, 2017, the Plaintiff was issued a Written Warning for refusing to work at the inadequately accommodated workstation. The Plaintiff was also charged with "misuse of sick leave" for taking sick leave on December 12, 2017, and then appearing at a Court hearing. The Follow-Up Hearing was scheduled for January 5, 2018 at 9:00 am. This constitutes retaliation against the Plaintiff, failure to accommodate, harassment, and disability discrimination.

On December 19, 2017 the Plaintiff was also issued a charge of leaving work on December 8, 2017, without authority or permission to leave, based upon the Plaintiff leaving work based upon obeying the instructions in the December 1, 2017 letter that was issued by Sherrie A. Senkfor. The follow-up hearing for this charge was scheduled for January 5, 2018 at 9:00 am. This constitutes retaliation , failure to accommodate, harassment, and disability discrimination.

On December 20, 2017, the Plaintiff sent a copy of the article "State of Illinois Special Edition on Reasonable Accommodation" to Kimberly A. Watson, Michael J. Schultz, and William W. Misiak highlighting the paragraph regarding reassignment to a vacant position if the employee can no longer perform her duties. The article sated that there is no state law in Illinois requiring reassignment, however since Federal law supersedes State law, an employer is required to consider reassignment as a reasonable accommodation.

On January 2, 2018, the Plaintiff applied for the positions of Medical Insurance Representative and Human Resources Assistant.

On January 2, 2018, the Plaintiff requested immediate reassignment to the vacant position of Office Support Associate at the Early Childhood Center on the SIUE campus.

On January 4, 2018, Chad Martinez notified the Plaintiff that her request for reassignment was denied because "the University has provided accommodation and continues to identify and implement changes to your work station that would provide increased functionality. As per our meeting on December 19, 2017, additional modifications to your work station were discussed and improvements were identified and agreed upon. These improvements should allow you to perform the essential functions of your position, as such your request for a non-competitive transfer is denied." This was a violation of the ADA, because the ADA requires an employer to consider reassignment without competition to a vacant position that is comparable to the Plaintiff's current position. This position would have been a lateral transfer for the Plaintiff because she was already an Office Support Associate. This also constitutes a failure to continue accommodation, retaliation, harassment, and disability discrimination.

Kathleen S. Stipe
Additional Page 10
Employment Discrimination Complaint

On January 4, 2018, the Plaintiff sent an Article named "Reassignment – Don't Forget the ADA 'Accommodation of Last Resort' to Chad Martinez, Sherrie Senkfor, Kimberly A. Watson, and Michael J. Schultz. This article indicated that an employer is required to reassign an employee to a vacant position when efforts during the reasonable accommodation process fail, unless the employer can prove that it would be a financial hardship to do so.  It also indicated that the employer is responsible to search for any and all vacant positions for which the Plaintiff might be qualified.  The article also indicated that, if an employee requests reassignment to a vacant position, the employee is entitled to the position without competition, whether or not the employee is the best -qualified applicant for the position. The Plaintiff insisted on being reassigned no later than January 12, 2018.

On January 4, 2018, the Plaintiff also sent an article titled "Legal Briefings – Reassignment as a Reasonable Accommodation Under the Americans with Disabilities Act" to Kimberly A. Watson, Michael J. Schultz, and Chad Martinez indicating that the ADA required them to reassign the Plaintiff since the Plaintiff could not perform her job at the new workstation because there was no desk, no space to store belongings or paperwork, and since the Plaintiff had requested an immediate reassignment, the employer is required to reassign the Plaintiff.  The article indicated that the employer was obligated to help the employee find a vacant position for which she is qualified . The article also indicated that the employer could not exclude any positions for which the employee might be qualified.  The Plaintiff should have been given the reassignment that she requested..

On January 4, 2018, the Plaintiff wrote to Susan Allen, the person listed in charge of writing the article "Illinois Special Edition on Reasonable Accommodation", asking for assistance to stop her employer from violating ADA rules and regulations and  asking for assistance in stopping her employer from continuing to harass the Plaintiff regarding her request for reassignment and reasonable accommodation.

On January 5, 2018, the Plaintiff sent a copy of the article "Reassignment and Enforcement of ADA", which indicates that the employer must consider reassignment as a reasonable accommodation, to Kimberly A. Watson and Michael J. Schultz.. The article also indicates that the employer must reassign the employee to a vacant position that is equivalent in pay, status, or other relevant factors such as geographical location and benefits if the employee is qualified for the position.  The article also indicates that the employer is obligated to conduct a search for any vacant position outside of the employer's agency, and must inform the employee of any vacant positions for which the employee may be qualified.  It also indicates that the employee is not required to compete for the position.  Reassignment means that the employee gets the vacant position for which she has requested reassignment.

Kathleen S. Stipe
Additional Page 11
Employment Discrimination Complaint

On January 17, 2018, Ed LaPorte requested that the hearing scheduled for January 19, 2018 be rescheduled for January 24, 2018, because he had a scheduling conflict.  The hearing was rescheduled for January 24, 2018 at 10:30 am.

Ob January 5, 2018, the Plaintiff was issued a charge of falsifying records and misusing sick leave because she called in sick on December 12, 2017 but still attended the Court hearing.  The follow-up hearing for this charge was scheduled for January 19, 2018.  Also at this hearing, the Plaintiff was issued a Final Written Warning for her "continued violation of the directive to move to the inadequately accommodated workstation and for leaving work without the authority to do so. This constitutes failure to accommodate, harassment, retaliation, and disability discrimination.

On January 11, 2018, the Plaintiff took the Civil Service Exam for Community Worker at the University of Illinois and was ranked #1 on the register for that job position.

On January 5, 2018, the Plaintiff submitted revised leave slips for both December 12, 2017 and December 18, 2017, when it was discovered that the Plaintiff did not have enough leave to cover the entire absences.  This was one of the leave slips for which the Plaintiff received prior discipline.  The Plaintiff alleges that she should have been allowed to change that leave slip without charges being alleged against her because, due to the LWOP hours charged at the beginning of December, neither Kimberly A. Watson nor the Plaintiff could determine the hours of leave available until an audit was conducted of the Plaintiff's leave usage in conjunction with Summer Murphy at the Human Resources Department at SIUE.  This constitutes failure to accommodate, harassment, retaliation, and disability discrimination.

On January 11, 2018, the Plaintiff provided proof to William W. Misiak, Kimberly A. Watson, Michael J. Schultz, and Ed LaPorte, AFSCME Council 31 Representative, that the Court hearing that she attended on December 12, 2017 had been changed three different times and that she had called the Courthouse at 8:58 am to try to get the hearing rescheduled.

 On January 16, 2018, William W. Misiak responded back that the Plaintiff had not yet received the final discipline, so she could not appeal the charge for abusing her leave on December 12, 2017.

On January 24, 2018, the Plaintiff was notified that she could not take the exam for Office Support Specialist until after March 16, 2018 because she had previously been removed from the register.

On February 8, 2018, the Plaintiff sent an inquiry to Equip for Equality, requesting assistance in obtaining an attorney due to the continuing pattern of the employer's failure to provide

Kathleen S. Stipe
Additional Page 12
Employment Discrimination Complaint

reasonable accommodation and the employer's continuation of denial of granting the Plaintiff's request for reassignment.

On March 5, 2018, the Plaintiff again sent her list of reasons why the proposed accommodations were not acceptable. She listed the keyboard tray, nowhere to put paperwork to work on it, no place to write while at the computer, could not reach the phone while sitting at the keyboard, could not reach the "shelf" that the computer was placed upon while sitting at the computer, cannot reach phone to transcribe the Voice Mail Log, cannot use both monitors on the shelf because she could not see them from where the keyboard tray is installed.

The Plaintiff also had previously indicated on December 13, 2017 that she had to push her chair back and forth between the proposed workstation and her former workstation at least ten round trips in order to work on paperwork. The Plaintiff also indicated that her legs were completely numb by 9 am and that her back was hurting the entire day. The Plaintiff also notified Kimberly A. Watson and Michael J. Schultz that the vertical file drawers would not work for her because she had to push against the weight of all of the files. The Plaintiff asked that the hanging bars in the drawers be replaced so that the folders would be easier for her to move to prevent undue stress on her back. This constitutes failure to accommodate, harassment, disability discrimination, and aggravation of the Plaintiff's medical condition.

On March 6, 2018, after new accommodations had been attempted, the Plaintiff notified Kimberly A. Watson and Michael J. Schultz that she did not accept the accommodation for the following reasons: the desk did not have any drawers attached to it; the Plaintiff did not want to have to get up and down each time she needed to put something into a drawer that should have been attached to her desk. The employer had removed two drawers from the Plaintiff's former workstation but the drawers did not attach to the new desk that was installed. The employer had set the drawers under the left side of the desk, but there was a space between the desk and the drawers, which created a safety hazard for the Plaintiff because her hands could get trapped between the drawers and the bottom of the desk top. In addition, there were sharp corners on the desk, and in the small confined space where the desk was located, this was a safety hazard because the Plaintiff could run into the sharp corners.

The Plaintiff indicated that her former workstation had rounded corners to prevent any possible injury from running into the corner of the desk. The Plaintiff again asked to either be returned to her former desk as it previously was modified, or for the employer to reassign her to a vacant position for which she was qualified. The Plaintiff indicated that the accommodations that were installed were not what she and Kimberly A. Watson and Michael J. Schultz had agreed upon at their meeting on December 19, 2017, when the previous modifications were reviewed and it was decided that they were not acceptable. New modifications had been listed but what was installed was not the same as what was agreed upon. The Plaintiff had now been forced to sit at a

Kathleen S. Stipe
Additional Page 13
Employment Discrimination Complaint

workstation that was not acceptable for three months. This constitutes a failure to accommodate, harassment, and disability discrimination.

On March 26, 2018, the Plaintiff notified Kimberly A. Watson and Michael J. Schultz that she would not be relinquishing her former workstation to a student employee because she still had to store her personal belongings and other reference materials at the former workstation because the proposed workstation did not have adequate storage and also did not have any overhead storage, bulleting boards or white boards like the other cubicles of the other employees in the department had. The Plaintiff notified both Kimberly A. Watson and Michael J. Schultz that she believed that they had violated the ADA by forcing her to move from a previously reasonably accommodated workstation to one that was not adequately accommodated. In addition, the Plaintiff told both Kimberly A. Watson and Michael J. Schultz that she believe that they violated the interactive process of attempting to accommodate her when they escorted her from the premises under police escort when the Plaintiff first refused to accept the proposed new workstation.

On March 27, 2018, the Plaintiff told Kimberly A. Watson and Michael J. Schultz that she would not store her purse and personal belongings at the new workstation because it was accessible to the public. All of the other employees' desks are behind a double French door and are not open to traffic from the public or non-employees of the University. The Plaintiff also indicated that, until she was provided with the same storage options as the rest of the employees in the department, specifically overhead storage, bulletin boards, and white boards, she would not be relinquishing possession of her former workstation. This constitutes failure to accommodate, harassment, and disability discrimination.

On March 28, 2018, Kimberly A. Watson told the Plaintiff that she was giving the Plaintiff a "directive to remove any and al ,personal items and work related materials from the inner office workstation no later than the end of the Plaintiff's shift on Friday, March 30, 2018, and that effective April 2, 2018, all of the Plaintiff's belongings would have to remain at the proposed workstation. Kimberly A Watson said that, if the directive was not followed, the Plaintiff would be disciplined. This constitutes failure to accommodate, harassment, retaliation, and disability discrimination.

On March 29, 2018 , he Plaintiff again advised Kimberly A. Watson and Michael J. Schultz that there was not enough room at the new workstation for all of her possessions and work papers. The Plaintiff notified both Kimberly A. Watson and Michael J. Schultz that they must stop threatening her because she had told them for the last three months that she did not accept the new workstation. The Plaintiff also indicated that. if Kimberly A. Watson and Michael J. Schultz kept issuing ultimatums to the Plaintiff, they were violating the interactive process. The Plaintiff told both Kimberly A. Watson and Michael J. Schultz that they needed to either move the Plaintiff back to her former workstation or reassign her because the new location had not

Kathleen S. Stipe
Additional Page 14
Employment Discrimination Complaint

constantly forcing her to work at an insufficiently accommodated workstation , and that this was a violation of the ADA and constituted disability discrimination. The Plaintiff again asked to be reassigned. The Plaintiff notified Kimberly A Watson and Michael J. Schultz that the ADA allowed her to refuse the accommodation and that they could not force her to accept the new workstation because it was not adequately accommodated. The Plaintiff again stated that Kimberly A. Watson and Michael J. Schultz had two choices: either move her back to her former workstation or reassign her.

The Plaintiff again sent copes of the following articles to Kimberly A. Watson and Michael J. Schultz: "Can an Employer Take Away my Reasonable Accommodation?" ":Legal Briefings – Reassignment as a Reasonable Accommodation Under the Americans with Disabilities Act", and highlighted excepts from "Reasonable Accommodation EEOC Guidelines" to indicate to both Kimberly A. Watson and Michael J. Schultz that they were again violating ADA guidelines in not adequately accommodating her and in not reassigning her when she had now asked at least twice to be reassigned.

On March 29, 2018, Kimberly A. Watson and Michael J. Schultz told the Plaintiff that they did not understand what the Plaintiff meant by "reference materials": and stated that they thought that the Plaintiff had sufficient storage space for all of her paperwork.

On March 29, 2018, the Plaintiff laid out all of the files and paperwork for which she had no storage space and took pictures of them and forwarded the pictures to Kimberly A. Watson and Michael J. Schultz. The amount of work covered the entire floor area where the Plaintiff's desk was located, the table and chairs that were in the reception area, the entire counter space in the reception area, and the bench that was located in the reception area. The Plaintiff did this because she wanted both Kimberly A. Watson and Michael J. Schultz to understand the amount of work for which she did not have storage space.

On Match 30, 2018, Michael Schultz told the Plaintiff that, in the future all communication about the Plaintiff's work space should be directed to him. He said that he asked Kimberly A. Watson to spend her time working to serve our students and not spending her time working on responding to the Plaintiff's many e-mails. Michael J. Schultz issued another directive for the Plaintiff to file all of the papers that she used, in the locked drawers. He also told the Plaintiff to use blue painter's tape to adhere any reference documents on the walls above her desk.

On March 30, 2018, the Plaintiff told Michael J. Schultz that she considered it an insult that Michael J. Schultz was giving her a directive to hang her paperwork on the walls with blue painter's tape when this directive had not been given to any of the other employees in the department. All of the other employees have overhead storage, bulletin boards, and white boards upon which to hang or display their reference materials.  The Plaintiff stated that she was humiliated by the directive, and that Michael J. Schultz had not provided her with the

Kathleen S. Stipe
Additional Page 14
Employment Discrimination Complaint

been adequately accommodated for her. The Plaintiff told both Kimberly A. Watson and
Michael J. Schultz that they were guilty of intentionally inflicting emotional duress upon her
byconstantly forcing her to work at an insufficiently accommodated workstation , and that this
was a violation of the ADA and constituted disability discrimination. The Plaintiff again asked
to be reassigned. The Plaintiff notified Kimberly A Watson and Michael J. Schultz that the ADA
allowed her to refuse the accommodation and that they could not force her to accept the new
workstation because it was not adequately accommodated. The Plaintiff again stated that
Kimberly A. Watson and Michael J. Schultz had two choices: either move her back to her former
workstation or reassign her.

The Plaintiff again sent copies of the following articles to Kimberly A. Watson and Michael J.
Schultz: "Can an Employer Take Away my Reasonable Accommodation?" ":Legal Briefings –
Reassignment as a Reasonable Accommodation Under the Americans with Disabilities Act", and
highlighted excepts from "Reasonable Accommodation EEOC Guidelines" to indicate to both
Kimberly A. Watson and Michael J. Schultz that they were again violating ADA guidelines in
not adequately accommodating her and in not reassigning her when she had now asked at least
twice to be reassigned.

On March 29, 2018, Kimberly A. Watson and Michael J. Schultz told the Plaintiff that they did
not understand what the Plaintiff meant by "reference materials" and stated that they thought that
the Plaintiff had sufficient storage space for all of her paperwork.

On March 29, 2018, the Plaintiff laid out all of the files and paperwork for which she had no
storage space and took pictures of them and forwarded the pictures to Kimberly A. Watson and
Michael J. Schultz. The amount of work covered the entire floor area where the Plaintiff's desk
was located, the table and chairs that were in the reception area, the entire counter space in the
reception area, and the bench that was located in the reception area. The Plaintiff did this
because she wanted both Kimberly A. Watson and Michael J. Schultz to understand the amount
of work for which she did not have storage space.

On March 30, 2018, Michael Schultz told the Plaintiff that, in the future all communication about
the Plaintiff's work space should be directed to him. He said that he asked Kimberly A. Watson
to spend her time working to serve our students and not spending her time working on
responding to the Plaintiff's many e-mails. Michael J. Schultz issued another directive for the
Plaintiff to file all of the papers that she used, in the locked drawers. He also told the Plaintiff to
use blue painter's tape to adhere any reference documents on the walls above her desk.

On March 30, 2018, the Plaintiff told Michael J. Schultz that she considered it an insult that
Michael J. Schultz was giving her a directive to hang her paperwork on the walls with blue
painter's tape when this directive had not been given to any of the other employees in the
department. All of the other employees have overhead storage, bulletin boards, and white boards

upon which to hang or display their reference materials.  The Plaintiff stated that she was humiliated by the directive, and that Michael J. Schultz had not provided her with the "equivalent benefits" that other employees have. The Plaintiff again insisted that she either be moved back to her former workstation or be reassigned, as she was enduring the daily, deliberate infliction of extreme emotional duress from Michael J. Schultz and the continuing "management directives" that he issued to her but did not issue to any other employees in the department.  The Plaintiff told Michael J. Schultz that she would not tolerate any further "directives' or "ultimatums' 'that were violating her disability rights. The Plaintiff again insisted on either being moved back to her former workstation or to be reassigned to a vacant position.  The Plaintiff asked Michael J. Schultz not to issue any more management directives that she was not able to follow.  This constitutes failure to accommodate, retaliation, disability, discrimination, and disparate treatment.

On March 30, 2018, Sherrie A. Senkfor sent an e-mail to the Plaintiff stating that it is not the University's responsibility to provide storage for any of the Plaintiff's personal belongings or items that the Plaintiff brings to work.  Ms. Senkfor indicated that Michael J. Schultz would not be willing to discuss any future storage needs until all of the Plaintiff's files had been filed away and the Plaintiff's purse stored in the locked file drawers.  This constitutes failure to accommodate, retaliation, harassment, and disability discrimination.

On March 30, 2018, the Plaintiff responded to Sherrie A. Senkfor and said that she was not obligated to give the University an unlimited amount of time to correct the inadequacies in the accommodation of the proposed workstation.  The Plaintiff indicated that the University had cut off the interactive process because they gave the Plaintiff an ultimatum with no other options when they removed the Plaintiff form the University premises on December 1, 2017, under police escort and told the Plaintiff that she could not return unless she worked at the proposed workstation.

The Plaintiff indicated that her physician, Dr. Christian Verries, had already provided medical documentation indicating that the Plaintiff should not be subjected to the cold air that was coming in through the door to the UHFM office only feet away from the Plaintiff's proposed workspace.  The Plaintiff told Ms. Senkfor and Michael J. Schultz that every day that she is forced to remain in an insufficiently accommodated workstation constitutes deliberate, intentional failure to accommodate and deliberate, intentional infliction of emotional duress upon her. The Plaintiff again insisted on being moved back to her former desk or to be reassigned to a position where she was not subjected to cold air blowing on her constantly and where she would have sufficient workstation space and equivalent workstation space as all of the other employees in the office.  The Plaintiff again insisted that the University either move her back to her former desk or reassign her, according to the ADA guidelines.

Kathleen S. Stipe
Additional Page 16
Employment Discrimination Complaint

On April 13, 2018, the Plaintiff sent notice to Michael J. Schultz, Sherrie A. Senkfor, Kimberly A. Watson, and William W. Misiak that she had taken the Civil Service examination for the position of Office Support Specialist on April 12, 2018, and that she was ranked #1 on the register for this position. The Plaintiff asked to be immediately reassigned to this position as it is a part-time position and would not be a promotion for the Plaintiff. The Plaintiff again reiterated that she does not and will not accept the proposed workstation, as it is not adequately accommodated, and she has now allowed five months and the area was still not adequately accommodated.

The Plaintiff indicated that management had no issues with the performance of the Plaintiff's work. Therefore, they had no reason to remove the Plaintiff from her former workstation to begin with. The Plaintiff also indicated that she could not perform her duties, as is, because she has been denied equivalent overhead storage space to the degree that, when she attempted to indicate to her supervisor the amount of paperwork that still needed to be filed, she was given notice to appear at a Pre-Disciplinary hearing. The Plaintiff indicated that her supervisor had insulted her by issuing a "management directive' that the Plaintiff should hang paperwork on the walls with blue painter's tape, and that none of the Plaintiff's co-workers ha been given the same directive. The Plaintiff asked Sherrie Senkfor, William W. Misiak, Kimberly A. Watson, and Michael J. Schultz to make arrangements for her to be reassigned to the vacant Office Support Specialist, part-time position #6590 beginning on May 1, 2018. The plaintiff indicated that the University was required by law to reassign her because they have failed to reasonably accommodate her at the proposed workstation, for placing her on forced LWOP and for having been disciplined at least six times for defending her right to refuse the proposed accommodation.

On April 17, 2018, the Plaintiff was charged with failure to obey a management directive when the Plaintiff was told to hang her reference materials with blue painter's tape on the walls of her workstation after the Plaintiff notified Kimberly A. Watson and Michael J. Schultz that she did not have enough storage space for her work because she did not have the same bulletin boards, overhead storage, and white board space as the rest of the employees in her office. The follow-up hearing for this charge was scheduled for April 24, 2018. This constitutes a failure to accommodate, harassment, retaliation, and disability discrimination.

In summary, the Plaintiff has been forced to sit at a workstation that has not been adequately accommodated for the last 145 days. Kimberly A. Watson, Michael J. Schultz, Sherrie A. Senkfor, Wiliam W. Misiak, and Chad Martinez have blatantly violated the Americans with Disabilities Act, failed to accommodate the Plaintiff's disability needs, harassed the Plaintiff by issuing numerous disciplinary warnings and letters against the Plaintiff, and by refusing to reassign the plaintiff when the Plaintiff has requested to be reassigned at least three times. Chad Marttinez denied the Plaintiff's request for reassignment once, and Sherrie Senkfor denied the second request. The management staff has no intention of adequately accommodating the

Kathleen S. Stipe
Additional Page 17
Employment Discrimination Complaint

Plaintiff and has shown a pattern of conduct of disciplining the Plaintiff rather than adequately accommodating the Plaintiff or reassigning her as per ADA regulations.

## V.  RELIEF YOU REQUEST

Based on the foregoing, Plaintiff seeks the following relief: (check below what you want the court to do for you – make as many checks as you like, and use additional sheets, if necessary).

- ☑ An award of back pay
- ☐ Reinstatement to Plaintiff's old position
- ☑ Costs of suit (but not attorney fees)
- ☑ An award of money damages
- ☑ Other (explain below)

Removal of all disciplinary actions from the Plaintiff's personnel record.

Recovery of all hours of Leave With Out Pay that were taken from the Plaintiff when she was placed on  forced Leave Without Pay from 12/1/17 through 12/8/17.

Re-assignment to a current vacant position.

Recovery of any and all sums of Absent Without Pay charged against the Plaintiff as a result of the above forced LWOP status.

Compensatory and punitive damages .

See additional pages for additional relief.

Signed on: 4/23/2018
(date)

_Kathleen S. Stipe_
Signature of Petitioner

18216 U.S. Highway 67
Street Address

Kathleen S. Stipe
Printed Name

Jerseyville IL  62052
City, State, Zip

Signature of Attorney (if any)

(Rev. 4/2010)                    -4-

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Kathleen S. Stipe<br>18216 U S Highway 67<br>Jerseyville, IL 62052 | From: | St. Louis District Office<br>1222 Spruce Street<br>Room 8.100<br>Saint Louis, MO 63103 |
|---|---|---|---|

[ ]  On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2018-01363 | Tonya R. Hauert,<br>Investigator | (314) 539-7930 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____     1/18/18
James R. Neely, Jr.,                 *(Date Mailed)*
Director

Enclosures(s)

cc:   **Sherrie Senkfor**
      **Human Resources Director**
      **SOUTHERN ILLINOIS UNIVERSITY AT**
      **EDWARDSVILLE**
      **350 Cougar Lake Drive**
      **Edwardsville, IL 62026**

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of
your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the
charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include
any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters
alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in
some cases can be brought where relevant employment records are kept, where the employment would have
been, or where the respondent has its main office. If you have simple questions, you usually can get answers from
the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint
or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
<u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request <u>within 6 months</u>** of this Notice. (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➤ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
➤ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities"** now include the operation of major bodily functions, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
➤ **Only one** major life activity need be substantially limited.
➤ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
➤ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
➤ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**
➤ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
➤ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
➤ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
➤ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2018-01363 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(Indicate Mr., Ms., Mrs.)*<br>**Ms. Kathleen S Stipe** | Home Phone<br>**618-974-8740** | Year of Birth |
|---|---|---|
| Street Address<br>**18216 U S Highway 67, JERSEYVILLE, IL 62052** | City, State and ZIP Code | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>**SOUTHERN ILLINOIS UNIVERSITY AT EDWARDSVILLE** | No. Employees, Members | Phone No. |
|---|---|---|
| Street Address<br>**350 Cougar Lake Drive, Edwardsville, EDWARDSVILLE, IL 62026** | City, State and ZIP Code | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Street Address | City, State and ZIP Code | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION<br>☐ OTHER *(Specify)* | Earliest **11-30-2017**   Latest **11-30-2017**<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I. I was hired by the above named employer on December 1, 2014. My job title is Office Support Associate, earning $2188.00 per month. My immediate supervisor is Kim Watson, Associate Director of University Housing Facility Management.

II. One of my job responsibilities is payroll. In August 2017, I reported that one of the employees was abusing the time and attendance policy by not reporting all of their leave taken. I was told by management to leave the issue alone and it would be handled. I noticed that it was not handled and was told that if I did not let it go, I would be disciplined. On November 29, 2017, I was informed that my workstation was being relocated from an office to the reception area. I protested because my workstation in the office was specifically designed for my disability as a reasonable accommodation in April 2015. I reported to work on November 30, 2017, and my old workstation computers were disassembled and the new workstation in the reception area did not have any of the accommodations I needed function. I complained and refused to work at the new workstation. I have been made to attend five disciplinary hearings connected to this failure to accommodate. I believe I was moved in retaliation for reporting the time and attendance abuse. I was told that if I did not work at the new workstation, I would be disciplined and possibly terminated. Respondent failed to properly accommodate my disability in their rush to move me out of the office. I cannot properly perform all of my daily tasks. Respondent continues to harass me by threatening me with disciplinary action.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>*Digitally signed by Kathleen Stipe on 12-24-2017 07:13 PM EST* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2018-01363 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

III. I believe I have been discriminated against due to my disability, and retaliated against for participating in protected activity, in violation of the Americans With Disabilities Act.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Digitally signed by Kathleen Stipe on 12-24-2017 07:18 PM EST | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

# UNITED STATES DISTRICT COURT
## for the Southern District of Illinois

Kathleen S. Stipe
    Plaintiff

       v.

Southern Illinois University at
Edwardsville, et. al.

## CERTIFICATE OF SERVICE

    I certify that I have filed my Employment Discrimination Complaint with the United States District Court Clerk and that I have requested Service by U.S. Marshal to serve my Employment Discrimination Complaint upon the following Defendant(s):

        Southern Illinois University at Edwardsville
        #6 Hairpin Drive
        Edwardville IL  62026

        Sherrie A. Senkfor
        Director of Human Resources
        Southern Illinois University at Edwardsville
        Rendleman Hall, Room 3210
        Campus Box 1040
        Edwardsville IL  62026

        William W. Misiak
        Human Resources Manager
        Southern Illinois University at Edwardsville
        Rendleman Hall, Room 3210
        Campus Box 1040
        Edwardsville IL  62026

        Michael J. Schultz
        Director of Housing
        Woodland Hall, Room 1063
        Campus Box 1254
        Edwardsville IL  62026

Kimberly A. Watson
Associate Director
University Housing Facilities Management
Tract 7144/Housing
Campus Box 1257
Edwardsville IL  62026

Chad Martinez
Director, Diversity and Inclusion
Title IX Coordinator
Oakland University
Vandenburg Hall, Room 120
502 Meadow Brook Rd.
Rochester MI  48309-4452

Kathleen S. Stipe                                    April 23, 2018
18216 U. S. Highway 67
Jerseyville IL  62052
618-974-8740
Fax 618-885-9294