IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KATHLEEN SUSAN STIPE | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 18-CV-1010-SMY-DGW |
| SOUTHERN ILLINOIS UNIVERSITY at EDWARDSVILLE, SHERRIE A. SENKFOR, WILLIAM W. MISIAK, MICHAEL J. SCHULTZ, KIMBERLY A. WATSON, and CHAD MARTINEZ, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Kathleen Susan Stipe brings this action against Defendants Southern Illinois University at Edwardsville ("SIUE"), Sherrie Senkfor, William Misiak, Michael Schultz, Kimberly Watson, and Chad Martinez, alleging violations of The Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 (Doc. 2). Before the Court is the Motion to Dismiss filed by Senkfor, Misiak, Schultz, Watson, and Martinez (the "Individual Defendants") (Doc. 17). For the following reasons, the Motion is **GRANTED**.

### Background

Stipe is an employee of SIUE. She filed suit alleging employment discrimination and retaliation under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et. seq*. In connection with her claims, she names as defendants SIUE, Sherrie Senkfor – the Director of Human Resources, William Misiak – Human Resources Manager, Michael Schultz –

Director of Housing, Kimberly Watson – Associate Director of the University Housing Facilities Management, and Chad Martinez – Director of Diversity and Inclusion.

Stipe makes the following allegations in the Complaint: Stipe has spinal stenosis, CHH dwarfism, scoliosis and degenerative arthritis. SIUE was aware of her disabilities when she was hired in December 2014 and provided her reasonable accommodations from April 2015 through November 2017. To accommodate her disabilities, SIUE performed an ergonomic study and modified her workstation to include a special keyboard tray, smaller mouse to fit Stipe's smaller hand, and lower desk. On November 29, 2017, Stipe was relocated and moved to another workstation that was not reasonably accommodating. She has been forced to sit at a workstation that has not been adequately accommodated for the last 145 days. The Individual Defendants have blatantly violated the ADA by failing to accommodate Stipe's disability needs, issuing numerous disciplinary warnings and refusing to reassign her after numerous requests.

The Individual Defendants move to dismiss Stipe's ADA claim, asserting that individual supervisors cannot be liable for discrimination under the ADA or, alternatively, that Stipe's claims must be dismissed because she did not exhaust her administrative remedies as to the Individual Defendants.

## Discussion

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations in the Complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). This requirement is

satisfied if the Complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

The ADA prohibits discrimination by any "covered entity," defined as "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. §§ 12112(a); 12111(2). "Employer" is defined as "a person engaged in an industry affecting commerce who has 15 or more employees ... and any agent of such person." 42 U.S.C. § 12111(5)(A). As the Seventh Circuit has made clear, individuals are not liable under the ADA because the statute addresses its rules to employers, places of public accommodation, and other organizations, not to the employees or managers of these organizations. *See, e.g., Silk v. City of Chicago,* 194 F.3d 788, 797 n. 5 (7th Cir. 1999) (noting that "the ADA provides only for employer, not individual, liability"); *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995) (the definition of "employer" which includes an employer's agents, merely expresses traditional respondeat superior liability and does not impose individual liability on agents).

Here, Stipe attempts to assert claims against the Individual Defendants under the ADA. However, the Individual Defendants are not employers as defined under the ADA. As such, Stipe's Complaint fails to state a claim against these defendants, and they must be dismissed from this action.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. 17) is **GRANTED**. Plaintiff will proceed on her disability discrimination and retaliation claims under the ADA against Defendant SIUE only.

**IT IS SO ORDERED.**

**DATED: November 19, 2018**

                                              **s/ Staci M. Yandle**
                                              **STACI M. YANDLE**
                                              **United States District Judge**