UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KATHLEEN SUSAN STIPE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 3:18-CV-1010-SMY-GCS ) |
| SOUTHERN ILLINOIS UNIVERSITY AT EDWARDSVILLE, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

On April 23, 2018, *pro se* Plaintiff Kathleen Susan Stipe filed suit against Southern Illinois University at Edwardsville ("SIUE"), Sherrie A. Senkfor, William W. Misiak, Michael J. Schultz, Kimberly A. Watson and Chad Martinez alleging, under the Americans with Disabilities Act ("ADA"), that Defendants retaliated and discriminated against her by disciplining her for refusing to accept a workstation that failed to accommodate reasonably her known disabilities. On November 19, 2018, District Judge Staci M. Yandle dismissed the individual defendants because they are not "employers" as defined by the ADA, leaving only Stipe's claim against SIUE pending. Now before the Court is a motion for more definite statement filed by SIUE on September 7, 2018. (Doc. 20). Stipe did not file a response to Defendant's motion.

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement as to a pleading to which a response is needed "but which is so vague and ambiguous that the party cannot reasonably prepare a response." The motion for

more definite statement "must point out the defects complained of and the details desired." FED. R. CIV. P. 12(e). SIUE argues that despite the length of Stipe's complaint, which includes 17 pages of single-spaced text, it cannot discern which claims are brought against which parties, resulting in a complaint that fails to provide simple, concise and direct allegations against SIUE that put the school on notice as to the essential facts of each claim against it.

Rule 8 requires a federal complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(2) and 8(d). The primary purpose of Rule 8 -- and Rule 10, requiring separate claims in separate paragraphs or counts -- is to provide defendants with fair notice of the claims against them. *See Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). Complaints need not be over-detailed; federal courts are based on a system of simplified notice pleading which relies on liberal discovery rules and summary judgment motions to define disputed issues and to dispose of unmeritorious claims. *See Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 514 (2002). *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 574-575 (2007)(noting that pleadings do not function to *prove* the case; the complaint should put the defendant on notice of the nature of the claim against him and the relief sought).

Where a complaint is confusing, a more definite statement is appropriate before the defendant interposes a responsive pleading. *See, e.g., Fidelity Nat. Title Ins. Co of New York v. Intercounty Nat. Title*, 412 F.3d 745, 749 (7th Cir.

2005)(acknowledging the fact that a complaint that is confusing is "not ordinarily a fatal defect;" rather, Rule 12(e) can be used to obtain an intelligible complaint). Alternatively, courts can direct a plaintiff to amend the complaint. *See generally Davis v. Ruby Foods*, 269 F.3d 818, 820 (7th Cir. 2001); *Stanard*, 658 F.3d at 801.

Despite the length of Stipe's complaint, the allegations are unclear as to whether she brings a retaliation claim or a discrimination claim, or potentially both claims, against SIUE. The Court finds merit in SIUE's argument that the school cannot properly respond to the complaint without knowing which claims Stipe brings against them. While Stipe's factual allegations are detailed, she still must provide basic details as to her specific claims against SIUE so that defense counsel can evaluate whether an answer or a Rule 12(b)(6) dismissal motion is appropriate.

## CONCLUSION

For the above-stated reasons, the Court **GRANTS** Defendant Southern Illinois University at Edwardsville's motion for more definite statement (Doc. 20). **Plaintiff SHALL FILE a First Amended Complaint *or* a More Definite Statement on or before July 10, 2019.** The amended complaint or more definite statement shall clarify which claims Stipe brings against SIUE (*i.e.*, a retaliation claim, a discrimination claim, both claims or a different claim). If more than one claim is brought, Plaintiff must label them clearly as separate, numbered counts. Failure to file an amended complaint or a more definite statement by the deadline will result in the undersigned recommending that this action be dismissed for failure to obey an order of the Court.

**IT IS SO ORDERED.**

Dated: June 18, 2019.

                                                                                       _____
                                                                                      GILBERT C. SISON
                                                                                      United States Magistrate Judge

*Digitally signed by Magistrate Judge Gilbert C. Sison*
*Date: 2019.06.18 16:37:57 -05'00'*